## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

National Association for Latino Community
Asset Builders,

     *Plaintiff,*

*v.*

Consumer Financial Protection Bureau,

     *Defendant.*

Civil Action. No. 1:20-cv-3122-APM

### DEFENDANT'S MOTION TO WAIVE LOCAL CIVIL RULE 7(n)

Defendant Consumer Financial Protection Bureau (the Bureau) respectfully moves the Court to waive the timing requirement of Local Civil Rule 7(n) while the Court considers the Bureau's pending Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Dkt. 15.

In cases involving the judicial review of administrative agency actions, Local Civil Rule 7(n) governs the filing of relevant portions of the administrative record "unless otherwise ordered by the Court." The rule requires, in relevant part, that "the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first."[1]

Courts in this District routinely waive this requirement when, as here, the defendant files a motion to dismiss. *See, e.g.*, *Connecticut v. United States Dep't of the Interior*, 344 F. Supp. 3d

---

[1] The Bureau filed its Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Dkt. 15, on January 8, 2021. Under Local Civil Rule 7(n), a certified list of the contents of the administrative record was due on the same day. Due to the error of counsel, the Bureau failed to timely file a list of the contents of the record. Undersigned counsel regrets the error and apologizes to the Court for the oversight.

279, 294 (D.D.C. 2018) (waiving Rule 7(n) "because the Court need not consider the administrative record in evaluating . . . a motion to dismiss"); *Mdewakanton Sioux Indians of Minnesota v. Zinke*, 264 F. Supp. 3d 116, 123 (D.D.C. 2017) (construing defendants' "motion to dismiss as incorporating a motion to waive compliance with Local Civil Rule 7(n)" and "grant[ing] the motion because the administrative record is not necessary for [the court's] decision").

Here, the Bureau has filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil 12(b)(1). *See* ECF 15. The motion does not rely on the administrative record, nor is the administrative record relevant to its disposition. Rather, the motion argues that NALCAB does not have Article III standing to bring suit. Accordingly, there is no need to enforce compliance with Local Civil Rule 7(n) at this juncture. Moreover, compiling the administrative record is a time and resource intensive undertaking. The Bureau respectfully submits that it should not be required to undertake the burden of compiling the administrative record before the Court even determines whether it has jurisdiction to hear this case. All the more so given that it is "the practice of courts in this jurisdiction" not to enforce Local Civil Rule 7(n) in similar circumstances. *Connecticut*, 344 F. Supp. 3d at 294.

Counsel for Defendant conferred with counsel for Plaintiff who stated that Plaintiff opposes this motion.

Thus, the Bureau respectfully requests that the Court waive compliance with the timing requirement of Local Civil Rule 7(n), *nunc pro tunc*. Should the Court deny the Bureau's motion to dismiss, the Bureau would ask that the Court allow it to file a certified list of the contents of the administrative record within thirty (30) days after the Bureau's answer is due under Federal Rule of Civil Procedure 12(a)(4)(A).

DATED:        January 12, 2021

Respectfully submitted,

MARY McLEOD
General Counsel

JOHN R. COLEMAN
Deputy General Counsel

STEVEN Y. BRESSLER
Assistant General Counsel

 /s/ Ryan Cooper
RYAN COOPER (D.C. Bar No. 1645301)
Counsel
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Telephone: 202-702-7541
Fax: 202-435-7024
Ryan.Cooper@cfpb.gov